**Marshall S. SANDERS, As Trustee of the Marshall and Lydia Sanders Trust Dated April 20, 1990; Lydia O. Sanders, As Trustee of the Marshall and Lydia Sanders Trust Dated April 20, 1990, Plaintiffs-Appellants,**

v.

**BANK OF AMERICA, N.A.; et al., Defendants-Appellees.**

No. 16-55430

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2017 *

Filed July 18, 2017

Marshall S. Sanders, Pro Se

Lydia O. Sanders, Pro Se

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Adam F. Summerfield, Esquire, Attorney, Leslie M. Werlin, Esquire, McGuireWoods LLP, Los Angeles, CA, for Defendant-Appellee Bank of America, N.A.

Conrad V. Sison, Locke Lord LLP, Los Angeles, CA, for Defendants-Appellees Select Portfolio Servicing, Inc., National Default Servicing Corporation, Wells Fargo Bank, N.A.

Before: CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Marshall S. Sanders and Lydia O. Sanders appeal pro se from the district court's judgment dismissing their diversity action related to a deed of trust. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

In the Sanders' opening brief, the Sanders failed to address any of the grounds for dismissal and have therefore waived their challenge to the district court's order. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e review only issues which are argued specifically and distinctly in a party's opening brief." (citation and internal quotation marks omitted)); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived). Even if we were not to consider waiver, the district court did not abuse its discretion in dismissing the Sanders' action because the second amended complaint failed to set forth "a short and plain statement of the claim showing that [the Sanders are] entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (setting forth standard of review and recognizing that "[p]ro-

lix, confusing complaints ... impose unfair burdens on litigants and judges"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (Rule 8 requires a short and plain statement of a claim that gives the defendant fair notice of the claim and its basis).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).